## ROGERS et al. v. TENNESSEE VALLEY AUTHORITY et al.
### No. 229.

District Court, D. Tennessee, at Knoxville.

Sept. 8, 1939.

James P. Kivett, of Tazewell, Tenn., for plaintiffs.

James Lawrence Fly, of Knoxville, Tenn., for defendants.

TAYLOR, District Judge.

The motion in this case, now before me, is to dismiss the action.

The well-pleaded facts are not in dispute.*

It is clear from the pleadings and admissions in argument that the defendant Tennessee Valley Authority complied with its agreement made with the county court with respect to the matter in controversy. It cannot be seriously insisted that the county court was without power to enter into the agreement. The Tennessee Val-ley Authority took none of plaintiff's property. The location of roads and bridges and the closing thereof is vested in the county courts of the state.

If the theory of the bill is that in carrying out the purposes of the Tennessee Valley Authority Act, 16 U.S.C.A. § 831 et seq., the defendants inflicted consequential damages not in contemplation, that is, so demolished a bridge and relocated it as to cause complainants to travel greater distances in going to and from their homes and places of business and worship than before said bridge ·was demolished and relocated, the complaint states no cause of action.

The motion must be sustained.

---

* T. V. A. and county court of Claiborne County entered into an agreement with respect to relocating a bridge which, with its approaches, was to be covered by backwater from Norris dam. T. V. A. complied with the terms of the contract. The backwater did not encroach upon any property belonging to either complainant. Inconvenience arising from relocation of bridge pursuant to agreement reached with county court constitutes sole basis of action.